IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KUAN BARNETT,

    Plaintiff,

v.                                            Case No. 20-cv-298

RUSSELL GOLDSMITH,
MICHAEL THOMPSON,
TARA WOODRUFF,
CHRISTOPHER OLSON,
AUSTIN SCHLACHTER, and
BRIAN REYNOLDS,

    Defendants.

## COMPLAINT

Plaintiff Kuan Barnett, by and through his attorneys, the People's Law Office and The Shellow Group, for his complaint against Defendants Russell Goldsmith, Michael Thompson, Tara Woodruff, Christopher Olson, Austin Schlachter, and Brian Reynolds, hereby alleges as follows:

### INTRODUCTION

1.    On October 26, 2018, Plaintiff Kuan Barnett, a prisoner at Columbia Correctional Institution, was brutally beaten by prison guards Russell Goldsmith and Michael Thompson in retaliation for spitting water at Goldsmith and another prison guard, Tara Woodruff. Goldsmith and Thompson rushed into Plaintiff's cell carrying a riot shield, knocked him to the ground, punched, kneed and choked him, gouged his eyes and bent his fingers backwards, causing him serious physical injuries. Woodruff facilitated the beating by opening Plaintiff's cell so that Goldsmith and Thompson could enter, knowing full well what they intended to do. Olson,

Schlachter and Reynolds entered the cell while Plaintiff was being beaten but did nothing to protect Plaintiff despite having the opportunity and duty to do so.

2. Following the beating, Goldsmith and Thompson lied to their supervisors and wrote false reports to cover up their misconduct, but when body camera and other surveillance video proved their stories to be false, they were both criminally charged with felonies and subsequently pleaded guilty to reduced charges.

3. Plaintiff files this civil rights action to bring the Defendants' misconduct to light, to hold the Defendants' accountable for their actions, and to seek justice for the injuries he suffered.

## JURISDICTION AND VENUE

4. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 § 1983; the judicial code, 28 U.S. §§ 1331 and 1343(a); and the Constitution of the United States.

5. Venue is proper in this District under 28 U.S.C. 1391(b). The events that are the basis of these claims occurred in this judicial district.

## PARTIES

6. Plaintiff Kuan Barnett is currently incarcerated in the State of Wisconsin Department of Corrections. At all times relevant to this complaint, he was incarcerated at the Columbia Correctional Institution (CCI).

7. At all times relevant to this complaint, Defendant Russell Goldsmith was an employee of the Wisconsin Department of Corrections and worked at CCI as a Correctional Officer. He is being sued in his individual capacity.

8. At all times relevant to this complaint, Defendant Michael Thompson was an employee of the Wisconsin Department of Corrections and worked at CCI as a Correctional Officer, holding the rank of Sergeant. He is being sued in his individual capacity.

9. At all times relevant to this complaint, Defendant Tara Woodruff was an employee of the Wisconsin Department of Corrections and worked at CCI as a Correctional Officer. She is being sued in her individual capacity.

10. At all times relevant to this complaint, Defendant Christopher Olson was an employee of the Wisconsin Department of Corrections and worked at CCI as a Correctional Officer, holding the rank of Lieutenant. He is being sued in his individual capacity.

11. At all times relevant to this complaint, Defendant Austin Schlachter was an employee of the Wisconsin Department of Corrections and worked at CCI as a Correctional Officer, holding the rank of Sergeant. He is being sued in his individual capacity.

12. At all times relevant to this complaint, Defendant Brian Reynolds was an employee of the Wisconsin Department of Corrections and worked at CCI as a Correctional Officer, holding the rank of Sergeant. He is being sued in his individual capacity.

**FACTS**

13. On October 25, 2018, while Mr. Barnett was locked in his cell, he spit water at Defendant Goldsmith through the trap box of his cell.

14. In response, Defendant Goldsmith threatened Mr. Barnett, stating that Mr. Barnett was a "dead man" and that he was going to take Mr. Barnett's head off.

15. The following day, October 26, 2018, Mr. Barnett spit water at Defendant Woodruff through the trap box of his cell.

16. Defendant Woodruff left and returned to Mr. Barnett's cell with Defendant Goldsmith and the two of them placed sheets over the trap box of his cell. Defendant Goldsmith told Mr. Barnett that it was "going to be a rough night" for him and then left the area.

17. Shortly thereafter, Defendant Goldsmith returned to the front of Mr. Barnett's cell, this time accompanied by Defendant Thompson.

18. Defendant Woodruff activated a device to open Mr. Barnett's cell door in order to allow Defendants Goldsmith and Thompson to enter and physically attack him in retaliation for spitting.

19. Defendant Goldsmith entered the cell first, carrying a shield. He used this shield to strike Mr. Barnett, knocking him to the ground.

20. As Mr. Barnett curled himself into a fetal position and laid defenseless on the ground, Defendant Goldsmith then repeatedly punched Mr. Barnett in the face.

21. Defendant Goldsmith used his fingers to gouge Mr. Barnett's eyes; inserted his fingers into Mr. Barnett's mouth, causing him to choke and struggle to breathe; and bent Mr. Barnett's fingers, causing him significant pain and fear that his fingers would break.

22. Defendant Thompson also participated in beating Mr. Barnett, including repeatedly striking him in the ribs with his knee.

23. During this violent assault, Mr. Barnett cried out in pain and begged the defendants to stop.

24. Defendants Olson, Schlachter, and Reynolds entered the cell while Mr. Barnett was being attacked by Defendants Goldsmith and Thompson, yet none of them took any action to protect Mr. Barnett despite having the opportunity and duty to do so.

25. After Defendants removed Mr. Barnett from his cell, Defendant Goldsmith placed Mr. Barnett in a choke hold and dragged him down the hallway of the cell block by his neck.

26. As Mr. Barnett was being placed in a restraint chair, Defendant Goldsmith dug his fingers under Mr. Barnett's jaw, causing him to choke and making it difficult to breathe.

27. As a result of the excessive and brutal use of force by Defendants Goldsmith and Thompson, Mr. Barnett suffered excruciating pain and was treated for injuries to his eyes, ribs, back, thumb, and ring finger.

28. Following the beating, Defendant Goldsmith and Defendant Thompson concocted a false story in order to cover up their misconduct. They claimed that they entered Mr. Barnett's cell because he had tied a sheet around his neck and that when they entered in an attempt to save his life, he took on a "boxer stance," among other lies. Defendants included these false statements in official reports, which they authored and signed. These false reports also completely omit any reference to the Defendants' use of force against Mr. Barnett.

29. Shortly after this incident, Mr. Barnett was transferred to another facility within the Wisconsin Department of Corrections.

30. On November 13, 2018, Defendants Goldsmith and Thompson were criminally charged in the Circuit Court of Columbia County as a result of their unlawful actions.

31. Defendant Goldsmith was charged with Abuse of a Resident of a Penal Facility, a Class I Felony. Defendant Goldsmith and Defendant Thompson were both charged with Official Misconduct for making a false entry in an official report, also a Class I Felony.

32. On October 4, 2019, Defendant Goldsmith was convicted of amended charges of battery and false swearing, after entering a plea of "No Contest." Defendant Goldsmith received a sentence of eighteen months of probation.

33. On October 4, 2019, Defendant Thompson was convicted of amended charges of disorderly conduct and obstructing an officer, after entering a plea of "No Contest." Defendant Thompson received a sentence of one year of probation.

34. Plaintiff timely filed and served a Notice of Injury and Claim for monetary damages, pursuant to Wis. Stat. § 893.80, with the Wisconsin Attorney General on February 15, 2019.

35. The Notice of Injury and Claim was deemed denied by operation of law after allowing 120 days to elapse without receiving a formal and express disallowance of the Claim.

## COUNT I – 42 U.S.C. § 1983
## Eighth Amendment

36. Plaintiff repeats and realleges the forgoing paragraphs as if fully set forth herein.

37. Defendants Goldsmith, Thompson, Woodruff, Olson, Schlachter and Reynolds, acting individually and jointly, violated Plaintiff Barnett's rights under the Eighth and Fourteenth Amendments to the United States Constitution to be free from the use of unreasonable and excessive force.

38. By physically abusing Plaintiff and/or in failing to intervene to prevent such abuse, Defendants' actions were the direct and proximate cause of Plaintiff's physical injuries, pain and suffering, mental anguish, and humiliation.

## COUNT II – 42 U.S.C. § 1983
## Conspiracy

39. Plaintiff repeats and realleges the forgoing paragraphs as if fully set forth herein.

40. As described above, Defendants Goldsmith, Thompson and Woodruff agreed and together reached an understanding, and otherwise jointly acted and/or conspired to cause physical harm to Plaintiff and otherwise violate his rights.

41. This conspiracy and the overt actions in furtherance directly and proximately caused injury and damage as set forth above.

## COUNT III – State Law Claim
## Battery

42. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

43. The acts of Defendants Goldsmith and Thompson in striking Plaintiff and otherwise physically abusing him were performed in a willful and wanton manner.

44. The acts of Defendants Goldsmith and Thompson were affirmative acts which caused physical contact of a harmful and/or offensive nature, to which Plaintiff did not consent, and therefore constitute battery under the laws of the State of Wisconsin.

## COUNT IV – State Law Claim
## Intentional Infliction of Emotional Distress

45. Plaintiff repeats and realleges the forgoing paragraphs as if fully set forth herein.

46. In committing the acts alleged above, Defendants Goldsmith, Thompson, Woodruff, Olson, Schlachter and Reynolds intended to cause Plaintiff emotional distress.

47. In doing so, Defendants' conduct was extreme and outrageous and caused Plaintiff severe, disabling emotional distress.

48. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

49. As a result of this misconduct, Plaintiff sustained injuries, including emotional pain and suffering, as is more fully alleged above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to enter judgment in his favor against Defendants Goldsmith, Thompson, Woodruff, Olson, Schlachter and Reynolds, awarding

compensatory and punitive damages, attorneys' fees and costs against them, as well as any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: March 31, 2020					Respectfully Submitted,

 /s/ Ben H. Elson
Ben H. Elson
Illinois State Bar No. 6286106
Brad J. Thomson
Illinois State Bar No. 6327694
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Avenue
Chicago, IL 60642
Phone: (773) 235-0070
Email: ben@peopleslawoffice.com
Email: brad@peopleslawoffice.com

Robin Shellow
Wisconsin State Bar No. 1006052
THE SHELLOW GROUP
324 West Vine Street
Milwaukee, WI 53212
Phone: (414) 263-4488
Email: tsg@theshellowgroup.com

Attorneys for Plaintiff